Bay, J.
The breaches in this case are well and sufficiently assigned. The administration bond is taken in pursuance of the stat. 22 and 23 Charles II. for the better settling of intestates’ estates, which is made of force in this state. Previous to this act, it was discretionary in the ordinaries whether they took them or not; but this law requires it as necessary in all cases, and prescribes the form. In 1745, the old executor’s law (Pub. Laws, 201.) made several amendments of the stat, of Charles. It directed *463 that an inventory should be made in sixty days after qualification, and returned into the secretary’s office in ninety days, with power, however, to the ordinary to give further time if necessary. This act expressly makes executors and administrators liable for the real value of the goods and chattels contained in the inventory, and with the value of the credits which, by due diligence, they could recover and receive. The thirteenth clause of the executor’s law, in 1789, {Pub. Lares, 422.) enacts, that the appraisement shall be given in evidence against executors, to prove the value of the estate ; but shall not be conclusive, if the estate shall sell for more or less than what is mentioned in the ap-» praisement. Both these clauses, however, shew clearly that the inventory is sufficient to charge executors; and they, are bound to exculpate themselves, by their accounts and vouchers, for the different items of the estate; com sequently, a general assignment of a breach of duty is sufficient. The very import of the terms to administer, implies that justice will be done by the administrator, by payment of debts, &c. and he becomes, the moment he qualifies, a trustee for creditors, infants, and those entitled to a distributive share of the estate ; and therefore is bound by law, at all times when called upon, to shew how he has disposed of the assets. If this was not the case, it would be impossible for children and strangers to shew how, and in what manner and in what instances, the estate has been wasted and squandered away. The obligation is, therefore, surely on the administrator.
Holmes gave notice of a motion in arrest of judgment j but never brought it forward.